a
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOSHUA KEATON BARBER, Plaintiff | CIVIL ACTION NO. 1:18-CV-170-P |
| VERSUS | JUDGE DEE D. DRELL |
| SHERIFF LANIER, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Joshua Keaton Barber ("Barber"). Barber is a pretrial detainee at the Concordia Parish Jail. Barber was granted leave to proceed *in forma pauperis*. (Doc. 9). Barber complains he was subjected to excessive force by an officer at the Jefferson Davis Parish Jail, and that officers at the Concordia Parish Correctional Center failed to protect him from harm inflicted by other inmates.

I.  Background

Barber alleges that, on May 2, 2016, he was threatened with a knife by Officer Lanier at the Jefferson Davis Parish Jail. Barber also claims that Officer Lanier cut his shirt with the knife. (Doc. 1, p. 3).

Barber alleges that, on November 2, 2016, he was attacked by other inmates at the Concordia Parish Correctional Center. (Doc. 1, p. 4). At some point, Barber was transferred or released. (Doc. 1-2, p. 1).

On April 4 and 17, 2017, after being transferred back to the Concordia Parish Correctional Facility, Barber was attacked by other inmates. (Doc. 1, p. 4; Doc. 1-2, p. 1).

## II. Instructions to Amend

The statute of limitations for a § 1983 action is borrowed from state law. See Alford v. United States, 693 F.2d 498, 499 (5th Cir. 1982). Louisiana tort law provides a one-year prescriptive period. See La. Civ. Code art. 3492; Gaspard v. United States, 713 F.2d 1097, 1102 n. 11 (5th Cir. 1983). Federal law, however, determines when a § 1983 cause of action accrues. See United Klans of America v. McGovern, 621 F.2d 152, 153 n. 1 (5th Cir. 1980). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Such knowledge encompasses both: (1) the existence of the injury; and (2) the connection between the injury and the defendant's actions. See Brown v. Nationsbank Corp., 188 F.3d 579, 589-90 (5th Cir. 1999). Actual knowledge is not necessary for the limitations period to commence "if the circumstances would lead a reasonable person to investigate further." Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995).

Barber claims that he was attacked or threatened by Officer Lanier at the Jefferson Davis Parish Jail on May 2, 2016, and attacked by inmates at the Concordia Parish Correctional Center on November 2, 2016. (Doc. 1, pp. 3-4). The two incidents are unrelated and occurred at different facilities. Barber had one year from May 2, 2016, within which to file suit against Officer Lanier, and one year from November 2,

2016, within which to file suit with the respect to the first attack at the Concordia Parish Correctional Facility. Barber's suit is postmarked February 7, 2018. (Doc. 1, p. 18). Thus, it is likely that Barber's claims regarding the incident at the Jefferson Davis Parish Jail and the first attack at the Concordia Parish Correctional Center are prescribed.

However, if Barber properly filed a grievance regarding each incident, the claims may be equitably tolled while the administrative remedy process was pending. See Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002). If Barber did not properly or timely file administrative grievances regarding either incident, then Barber is not entitled to equitable tolling. Barber should amend his complaint and provide a copy of any grievance filed regarding the incidents of May 2, 2016, and November 6, 2016, as well as any responses received at each level.

As to Barber's claim regarding the attacks in April of 2017, Barber must amend his complaint to provide allegations of the attacks. Specifically, Barber shall state the name of each Defendant that violated his rights on April 4 and 17, 2017. Barber should also allege how each of those Defendants acted with deliberate indifference with respect to the two attacks. That is, Barber must show that each official knew of and disregarded a substantial risk of serious harm. See Domino v. Tex. Dep't of Criminal Justice, 239 F.3d 752, 755 (5th Cir. 2001).

Finally, Barber must amend to state what, if any, injuries he suffered as a result of each incident about which he complains.

### III. Conclusion

IT IS ORDERED that Barber amend and supplement his complaint as instructed within 30 days of the filing of this Order.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __8th__ day of May, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge