UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOSHUA KEATON BARBER, Plaintiff | CIVIL ACTION NO. 1:18-CV-170-P |
| VERSUS | JUDGE DEE D. DRELL |
| SHERIFF LANIER, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Joshua Keaton Barber ("Barber"). Barber is a pretrial detainee at the Caddo Correctional Center in Shreveport, Louisiana. Barber complains he was subjected to excessive force by an officer at the Jefferson Davis Parish Jail, and that officers at the Concordia Parish Correctional Facility ("CPCF") failed to protect him from harm inflicted by other inmates.

Because Barber cannot state a claim under § 1983, Barber's Complaint and Amended Complaint (Docs. 1, 23) should be DENIED and DISMISSED WITH PREJUDICE under § 1915(e)(2)(b) and § 1915A.

I. **Background**

Barber alleges that he was threatened with a knife by Officer Lanier at the Jefferson Davis Parish Jail. Barber also claims that Officer Lanier cut his shirt with the knife. (Doc. 1, p. 3).

Barber alleges that he was attacked by other inmates at CPCF. (Doc. 1, p. 4). At some point, Barber was transferred or released. (Doc. 1-2, p. 1). However, after

being transferred back to CPCF, Barber was attacked by other inmates. (Doc. 1, p. 4; Doc. 1-2, p. 1).

Barber was ordered to amend his Complaint to provide additional information regarding his claims. Barber filed an Amended Complaint in which he moves to dismiss his claims against CPCF, Warden Moore, and Chief Byrnes, and to proceed only with the incident involving Officer Lanier. (Doc. 23).

II. Law and Analysis

    A. Barber's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Barber is an inmate who has been allowed to proceed in forma pauperis. (Doc. 8). As a prisoner seeking redress from an officer or employee of a governmental entity, Barber's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding in forma pauperis, Barber's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for sua sponte dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to

plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. Barber has not alleged a physical injury.

"No federal civil action may be brought by a prisoner confined in jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e. The physical injury required by § 1997e(e) must be more than de minimis, but need not be significant. See Harper v. Showers, 174 F.3d 716 (5th Cir. 1999) (citing Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997) (bruising and soreness for three days from guard twisting a prisoner's arm and ear was de minimis and would not support a claim for mental or emotional suffering)).

Barber cannot recover damages for emotional injury because he has not alleged a physical injury. See Alexander v. Tippah Cty., Miss., 351 F.3d 626, 631 (5th Cir. 2003) (no physical injury alleged from confinement in isolation cell with no running water, mattress, or toilet); Soliz v. Sanchez, 3:18-CV-181, 2019 WL 1879471, at *4 (S.D. Tex. Apr. 26, 2019) (no recovery for emotional injury where guard threatened plaintiff with knife). Barber alleges only psychological issues such as "flash backs" and trust issues with figures of authority. (Doc. 23, p. 3).

### C. Barber cannot recover under § 1983 for damage to his shirt.

Barber claims that he suffered the loss of his shirt that was damaged by Officer Lanier. (Doc. 23, p. 3). A random and unauthorized deprivation of a property or liberty interest does not violate procedural due process if the state furnishes an

3

adequate post-deprivation remedy. See Caine v. Hardy, 943 F.2d 1406, 1412 (5th Cir. 1991) (citing Parratt v. Taylor, 451 U.S. 527 (1981) (overruled in part on other grounds) and Hudson v. Palmer, 468 U.S. 517 (1984). Louisiana law provides Barber the opportunity to seek redress for intentional torts, including damage to property. See La. Civ. Code article 2315. Because Louisiana law provides all the process that is required, the Fourteenth Amendment is not implicated. Charbonnet v. Lee, 951 F.2d 638 (5th Cir. 1992).

### III. Conclusion

Because Barber cannot state a claim under § 1983, IT IS RECOMMENDED that Barber's Complaint (Doc. 1) and Amended Complaint (Doc. 23) be DENIED and DISMISSED WITH PREJUDICE under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall

bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana, this __5th__ day of June, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge